ELIZA M. LAKE v. MINNESOTA MASONIC RELIEF ASSOCIATION
(GERMANIA BANK OF ST. PAUL, Garnishee).[1]

May 10, 1895.

Nos. 9391—(195).

**Mutual Life Association—Liability to Execution.**
 It is only the beneficiary or mortuary funds of the defendant association which are exempt from execution under G. S. 1894, §§ 3295, 3312.

**Same.**
 The contingent fund, which may be used in payment of the expenses of the association, is liable to be taken for its debts.

Appeal by defendant from a judgment of the district court for Ramsey county against Germania Bank of St. Paul, garnishee, entered in pursuance of an order for judgment by Brill, J. Affirmed.

*William P. Murray* and *Alva Hunt,* for appellant.
*C. D. & T. D. O'Brien,* for respondent.

[1]Reported in 63 N. W. 263.

MITCHELL, J. This appeal was taken by the defendant from a judgment for $1,764 against the garnishee. The provisions of the defendant's articles of association and by-laws will sufficiently appear by reference to the opinion in the main action, supra, p. 96, 63 N. W.261. The money (over $8,000) in the hands of the garnishee is part of the proceeds of two bimonthly assessments on members on account of certain death losses. The contention of the defendant is that the money is exempt under G. S. 1894, §§ 3295, 3312. The statute does not exempt all the funds of associations of this class, but only what may be termed "beneficiary funds," provided and held to be paid to the families or other beneficiaries of deceased members. Such moneys constitute a trust fund voluntarily contributed by surviving members for the benefit of the beneficiaries named in the certificates of membership, and cannot be appropriated to any other purpose. But the general funds of the association, which are not thus held in trust for the benefit of these beneficiaries, are liable for its debts. Under defendant's by-laws 80 per cent. of all money received on assessments belongs to what is called the "mortuary fund," which cannot be used for any other purpose, except to pay the death losses on account of which the particular assessment was made. This mortuary or beneficiary fund is undoubtedly exempt, under the statute. But under the by-laws the remaining 20 per cent. of the money received on assessments belongs to the contingent fund, which may be used for the general purposes of the association, the first of which is the payment of its current expenses. This fund is not exempt. It appears that in the present instance the defendant association had not separated the mortuary from the contingent fund, but had deposited in the garnishee bank, in gross, the entire amount received from these assessments. Twenty per cent. of the amount apparently received on these assessments (which would belong to the contingent fund), together with the $680.90 which defendant concedes belongs to plaintiff, would more than satisfy the judgment of $1,764 against the garnishee, without at all encroaching upon the mortuary or beneficiary funds.

Judgment affirmed.